James A. Patten (ID #1191)
Molly S. Considine (ID #13800)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C.**
2817 2nd Avenue North, Ste. 300
P.O. Box 1239
Billings, MT 59103-1239
Telephone (406) 252-8500
Facsimile (406) 295-9500
E-mail apatten@ppbglaw.com
      mconsidine@ppbglaw.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>KC TRANSPORT, LLC,<br><br>                Debtor. | Case No. 1:25-bk-10010-BPH<br><br>**AMENDED CHAPTER 11 PLAN OF REORGANIZATION<br>(SEPTEMBER 12, 2025)** |

KC TRANSPORT, LLC, Debtor and Debtor in Possession, by and through counsel, James A. Patten and Molly S. Considine, hereby propose the following Amended Plan of Reorganization ("Plan") pursuant to Chapter 11 of Title 11, United States Code (hereinafter the "Bankruptcy Code" or the "Code").

## INTRODUCTION

The Plan is an operating and partial liquidating plan that reorganizes and restructures KC Transport's debts; KC Transport will continue its business enterprise of oilfield and construction related transportation. All proceeds to be received during the period of this Plan will come from the liquidation of surplus equipment and from payments received from the operation of KC Transport's business enterprises. All payments to be made under this Plan will come from such sources.

# ARTICLE I: DEFINITIONS

As used in this Plan of Reorganization, the terms have the following definitions:

*Administrative Expenses*. Shall mean the US Trustee Quarterly Fees, KC Transport's fees, attorney fees, staff paralegal fees, accounting fees, realtor commissions, closing costs, other professional fees incurred by the KC Transport and any other preconfirmation expenses incurred by KC Transport as described in § 503(b) of the Code, for which KC Transport or the professional will seek approval of compensation from the Bankruptcy Court as required under the Bankruptcy Code (this does not include US Trustee Quarterly Fees for which no approval is required).

*Affiliate*. Shall mean any entity which is defined as an affiliate of KC Transport as described in § 101(2) of the Code and specifically includes, but may not be limited to, KC Sandcastle LLC.

*Allowed Claim*. Shall mean a claim: (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003, or by an order of the Court, or by the terms of this Plan, in either case, as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed pursuant to Rule 3003, by an order of the Court, or by the terms of this Plan or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending; or (b) which is set out and not claimed as unliquidated, contingent or disputed in Schedules D, E, or F of KC Transport's bankruptcy schedules and as to which no proof of claim has been filed. The *Allowed Claims* shall not include un-matured or post-petition interest unless otherwise specifically stated in the Plan.

*Allowed Secured Claim*. Shall mean an *Allowed Claim* secured by a lien, security interest or other charge against or interest in property in which KC Transport has an interest, or which is subject to set-off under §553 of the Bankruptcy Code, to the extent of the value (determined in

accordance with §506 (a) of the Bankruptcy Code), or the interest of the holder of such *Allowed Claim* in KC Transport's interest in such property or the extent of the amount subject to set off as the case may be.

*Confirmation Date*. Shall mean the date upon which final order of confirmation of a chapter 11 plan is entered by the Court and one not subject to appeal.

*Court*. Shall mean the United States Bankruptcy Court for the District of Montana in which KC Transport's Chapter 11 case is pending and pursuant to which this Plan is proposed, or any court having competent jurisdiction hear to appeals thereon.

*Effective Date.* Shall mean June 1, 2026.

*Federal Judgment Rate.* Shall mean the judgment rate of interest described in 28 U.S.C. §1961 as of the *Confirmation Date*.

*Order of Confirmation*. Shall mean the order entered by the *Court* confirming the *Plan* in accordance with the provisions of Chapter 11 of the Bankruptcy Code, which order is no longer subject to appeal and as to which no appeal is pending.

*Plan.* Shall mean this Chapter 11 Plan of Reorganization as amended or modified in accordance with the Bankruptcy Code.

## ARTICLE II: MEANS FOR IMPLEMENTATION OF THE PLAN

2.01. Generally. KC Transport will continue to (i) liquidate surplus equipment as described in its Motion for Authorization to Sell Property Outside the Ordinary Course of Business (ECF No. 63), (ii) provide oilfield and construction trucking services in the greater Williston Basin area, and (iii) continue a 3 year oxygen hauling contract with Nevada Gold Mines.

2.02. Operating. KC Transport will operate by providing transportation services for

oilfield and construction activities in the greater Williston Basin area of Montana and North Dakota and hauling oxygen for Nevada Gold Mines.

2.03. <u>Avoidable transfer recovery</u>. KC Transport shall seek a voluntary or involuntary recovery of pre-petition transfers of real property to insiders Kenneth Wirth and Keltz Hall; the property once recovered will be liquidated, the proceeds paid to KC Transport and held in a segregated account pending achievement of the *Effective Date*.

2.03. <u>Payment</u>. All creditors will be paid under this *Plan* from the proceeds of liquidation of equipment or the liquidation of real property.

<b><u>ARTICLE III: UNCLASSIFIED CLAIMS FOR<br>ADMINISTRATIVE EXPENSES, PRIORITY CREDITORS,<br>EXPENSES AND THE PROVISION FOR PAYMENTS OF EACH</u></b>

3.01. <u>Administrative Expenses</u>. Any reasonable administrative expense of KC Transport's Chapter 11 case allowed pursuant to § 503(b) of the Code and given priority by virtue of § 507(a) of the Bankruptcy Code shall be paid first after the *Confirmation Date* except any separately classified *Administrative Expense*; *Administrative Expenses* may include fees and costs of attorneys, accountants, economic and business consultants, appraisers, auctioneers, post-petition income taxes, the fees due to the U.S. Trustee and any administrative expense allowed by application of 11 U.S.C. § 503. No *Administrative Expense* shall be paid until the amount thereof has been approved by an order of the *Court*, except U.S. Trustee's fees. The *Administrative Expenses* shall be fully paid no later than the *Effective Date* unless an allowed administrative claimant agrees to be paid on a date after the *Effective Date*.

3.02 <u>Classification.</u> The *Administrative Expenses* are unclassified and are not allowed to accept or reject this Plan.

<b><u>ARTICLE IV: CLASSIFICATION AND<br>IMPAIRMENT OF CLAIMS</u></b>

The following claimants have been placed in the class indicated and the impairment of their claims are as noted:

4.01    Class I: Secured creditor Loeb Term Solutions, LLC; IMPAIRED

4.02    Class II: Secured creditor Yellowstone Bank; UNIMPAIRED

4.03    Class III: Secured creditor Verdant Commercial Capital, LLC; IMPAIRED

4.04    Class IV:   Priority Unsecured Claims: no priority unsecured claims have been asserted.

4.05    Class VI: General unsecured claims exceeding $2000; IMPAIRED

4.06    Class VII: General unsecured claims less than $2000; IMPAIRED

4.07    Class VIII: General Unsecured Contingent Claims; IMPAIRED.

**ARTICLE V: PROVISIONS FOR
PAYMENT OF CLAIMS**

5.01.   Administrative Expenses. The allowed *Administrative Expenses* will be paid on or before the *Effective Date* of the Plan; Debtor may seek approval of payment of professional fees as approved by the *Court* from time to time prior to the *Effective Date*.

5.02.    Class I: Secured claimant Loeb Term Solutions, LLC. The Class I claimant holds a senior secured claim on the certain personal property interests pursuant to a perfected security interest in accounts, goods, inventory, equipment, chattel paper, instruments, investment property, specifically identified tort claims, documents, general intangibles, contract rights, customer lists, furniture, fixtures, books and records all as described in the Loeb proof of claim filed herein; the value of the secured claim is claimed by Loeb to be $1,515,246.40. The claim will be paid from the proceeds of sales of its collateral, made pursuant to 11 U.S.C. § 363, whether by auction or private treaty,

and upon completion of all sales, any remaining about due will be paid over 60 months following the *Effective Date* with interest at the *Federal Judgment Rate* to the extent unsecured and with interest at the bank prime loan rate published in Federal Reserve statistical release H.15 as of the date of confirmation if secured.

5.03. <u>Class II</u>: Secured claimant Yellowstone Bank is secured by a lien on a 2020 Kenworth T800 truck and a 2019 Ford F-350. Yellowstone Bank shall be paid from the auction sale of the Ford F-350 truck pursuant to 11 U.S.C. § 363. The Debtor may sell the Ford F-350 by private treaty sale, subject to the Court's approval at any time.

5.04. <u>Class III</u>: Secured claimant Verdant Commercial Capital, LLC. The Class IV creditor holds a lien on a 2024 J&L trailer and pup trailer combination. The claim will be paid from the proceeds of sale of its collateral pursuant to 11 U.S.C. § 363, whether by auction or private treaty, and upon completion of the sale, any remaining about due will be paid over 60 months with interest at the *Federal Judgment Rate* as of the *Confirmation Date*.

5.05. <u>Class IV</u>: Priority unsecured tax claims, if any, shall be paid through level payments commencing on the *Effective Date* and continuing to January 23, 2030 with interest at the *Federal Judgment Rate*.

5.06. <u>Class V</u>: Property tax claims shall be paid through level payments commencing on the Effective Date and continuing for a total of 12 months with interest at 10%.

5.07. <u>Class VI</u>: General unsecured claims exceeding the amount of $2000.00 shall be paid, commencing on the *Effective Date,* over a 60-month period through level monthly payments with interest at the *Federal Judgment Rate*.

5.08. <u>Class VII</u>. General unsecured claims less than $2000.00, shall be paid,

commencing on the *Effective Date*, over a 12 month period through level monthly payments with interest at the *Federal Judgment Rate*.

5.09.   <u>Class VIII</u>: General disputed contingent claim of Natalie Hernandez shall not be paid by KC Transport but will be paid, in the liquidated amount, by KC Transport's insurance carrier as set forth in the Stipulation to Modify Stay (ECF No. 50). Confirmation of the *Plan* will not otherwise discharge Ms. Hernandez's claim.

5.10.   <u>Interest Rates.</u> All claims which shall accrue interest shall accrue interest as stated above as of the *Confirmation Date*.

5.11.   <u>Retention of Liens</u>. The holders of Class I, II, and III Secured Claims shall retain their liens, if any, until their claim secured by said lien is satisfied in accordance with this *Plan* or if disputed, until KC Transport escrows the disputed claim amount in accordance with Paragraph 7.05.

5.12.   <u>Plan Default.</u>  Any default of this Plan may be cured pursuant to an order of the *Court.*

## **ARTICLE VI: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

6.01.   KC Transport hereby assumes, pursuant to 11 U.S.C. § 365(d)(1), all executory contracts existing as of the commencement of this case.

## **ARTICLE VII: MISCELLANEOUS PROVISIONS**

7.01.   Effective on the *Confirmation Date*, all property of the Estate shall be re-vested with KC Transport.

7.02.   All claimants identified in KC Transport's Schedules D, E, or F as disputed, unliquidated, contingent, must have filed a proof of claim no later than the claims bar date. Claimants whose claims were not scheduled as disputed, contingent, or unliquidated, who do not

file a proof of claim, will be allowed a claim consistent with KC Transport's bankruptcy schedules. All claimants asserting a Deficiency Claim must file a proof of claim no later than 45 days after the *Confirmation Date*.

7.03. No claim marked on KC Transport's schedules D, E, or F as disputed, unliquidated, or contingent or a Deficiency Claim shall be paid unless a timely proof of claim is filed. If an objection is made to a proof of claim, any distribution otherwise payable under this *Plan* shall be stayed until a final order is entered with respect to the objection.

7.04. Stipulations with claimants may be filed which will modify the terms of this *Plan* if the stipulation so specifies. Any such stipulation is subject to approval by the Court and will be incorporated herein as if set forth in full and shall be binding upon the parties to the stipulation upon confirmation of the Plan. Any discrepancy or inconsistency between the terms of this *Plan* and any stipulation filed pursuant to this provision and approved by the Court shall be resolved by resort to the stipulation, which shall control. Any such stipulation must comply with the provisions of F. R. Bankr. Pro. 3019(a).

7.05. KC Transport reserves the right to object to any proof of claim already filed, scheduled on Schedules D, E, or F, or which will be filed in accordance with this *Plan*. KC Transport reserves its claims against any creditor filing a proof of claim.

7.06. KC Transport specifically reserves any claim or cause of action it may hold; however, any claim or cause of action asserted against any claimants herein must at least be asserted as an offset to any proof of claim to which an objection is asserted by KC Transport.

**ARTICLE VIII: SATISFACTION OF INDEBTEDNESS AND INJUNCTION**

8.01. Except as otherwise expressly provided by law, on and after the *Effective Date,* all holders of any claim or cause of action or any rights of any kind whatsoever against KC Transport

shall be enjoined from collecting any claims or pursuing any cause of action against KC Transport as a Reorganized Debtor, with respect to any claim or cause of action or exercising any right, except as expressly allowed in this *Plan* assertable against KC Transport. Such injunction shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled; (b) a proof of claim was filed; (c) the claim is an Allowed Claim; or (d) the holder thereof voted to accept or reject the *Plan*.

## ARTICLE IX - MISCELLANEOUS PROVISIONS

9.01. Upon confirmation, KC Transport shall be revested with all assets and shall retain all property during the term of the *Plan* as provided herein. KC Transport reserves any contingent or unliquidated claim it may hold against any claimant or third party whether identified on Schedule B, arising pre-petition, arising during the pendency of this case, or before the *Effective Date*; nothing in this *Plan* shall be construed to constitute a release or waiver of any claim held by KC Transport, whether by application of the doctrine of waiver, accord and satisfaction, or otherwise.

9.02. The *Court* shall retain jurisdiction of KC Transport subsequent to the *Effective Date* for the following purposes only:

    (a)    Allowing claims and hearing objections thereto;

    (b)    Reserving any adversary proceedings pending;

    (c)    Allowing and approving the payment of administrative expenses; and

    (d)    Any other matter reasonably necessary for KC Transport's implementation and consummation of this *Plan* . including the cure of a *Plan* default.

9.03. Claims not indicated to be "disputed," "unliquidated," or "contingent," will be treated as scheduled unless a timely proof of claim has been filed in which case the claim will be

determined by the proof of claim. KC Transport may file a protective proof of claim pursuant to Bankruptcy Rule 3004 for any claimant, including those not indicated on Schedules D, E, or F as "disputed," "unliquidated," or contingent." KC Transport must file any objections to proofs of claim or to scheduled claims no later than 120 days after date of the *Effective Date*. KC Transport may file an objection to a protective proof of claim filed by KC Transport pursuant to Bankruptcy Rule 3004.

9.04. If an objection is made to a proof of claim or a portion thereof, any distribution otherwise payable under this *Plan* shall be stayed until a final order is entered with respect to the objection. KC Transport reserves the right to object to a proof of claim at any time before 30 days following the *Effective Date*.

9.05. KC Transport specifically preserves any and all claims or causes of action they may hold specifically including any claims identified in Schedule A/B filed herein and claims asserted in any pending litigation; however, any claim or cause of action asserted against any claimant herein may also be asserted as an offset to any proof of claim to which an objection is asserted by KC Transport.

9.06. On and after the *Effective Date*, KC Transport and professionals whose employment has been approved by the Court shall be exculpated from any and all claims, except claims arising from willful misconduct or gross negligence, arising between the date of commencement of this case and the *Effective Date*. KC Transport and professionals shall neither have, nor incur any liability to any entity for any post-petition, pre-final decree act taken or omitted to be taken in connection with this case, or related to formulating, negotiation, soliciting, preparing, disseminating, confirming, or implementing the *Plan* or consummating the *Plan*, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created or entered

into in connection with the *Plan* or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring or liquidation of KC Transport; provided that the foregoing "Exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a final order to have constituted fraud or willful misconduct; provided, further, that each party subject to the exculpation provided hereby, shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

9.07. In the event of pending litigation, unresolved by a final, non-appealable order at pending litigation pending litigation the time of distribution on a proof of claim on account of a debt asserted as of the commencement of this case by an opposing party in the pending litigation, the satisfaction of the opposing party's claim shall not be deemed to preclude, waive, or in any fashion compromise, whether by the voluntary payment doctrine or other avoidance, the KC Transport claim asserted in the pending litigation.

## ***ARTICLE X - SATISFACTION OF INDEBTEDNESS AND INJUNCTION***

10.01. On and after the *Effective Date*, all holders of any claim or cause of action or any rights of any kind whatsoever against KC Transport, specifically shall be enjoined from collecting any claims or pursuing any cause of action against KC Transport, with respect to any claim or cause of action or exercising any right, except as expressly allowed in this *Plan*. Such injunction shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled, (b) a proof of claim was filed, (c) the claim is an *Allowed Claim*, or (d) the holder thereof voted to accept the *Plan*.

//

DATED this 12th day of September, 2025.

**PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC**

By:/s/*JA Patten*
    James A. Patten
    Attorney for KC Transport, LLC

DATED this 12th day of September, 2025.

**KC TRANSPORT, LLC**

By:/s/ *Keltz Hall*
    Keltz Hall
    Managing Member

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify, under penalty of perjury, that on the 12th day September, 2025, a copy of the foregoing was served by electronic means pursuant to LBF 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by mail on the following:

NONE

By: /s/JA Patten
    For Patten, Peterman, Bekkedahl & Green, PLLC