# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**KC TRANSPORT, LLC,**

Debtor.

Case No. **1:25-bk-10010-BPH**

# ORDER

In this Chapter 11 case, Debtor filed an "Amended Chapter 11 Plan" on September 12, 2025, at ECF No. 93 ("Plan"). The Plan and a ballot conforming generally to Official Form 314 was served on all creditors, equity security holders, and other parties in interest according to the date fixed by the Court pursuant to Fed. R. Bankr. P. 3017.

There are two ways the Court may confirm a Chapter 11 plan: (1) consensual confirmation under 11 U.S.C. § 1129(a); or absent consent, (2) confirmation under 11 U.S.C. § 1129(b). Under the latter, confirmation occurs over dissent of at least one class of claims. Here, consensual confirmation under 11 U.S.C. § 1129(a) is not proper because the Ballot Report (ECF No. 116) indicates that ballots were returned for Classes I and II, but no ballots appear for Classes III, IV, VI, VII, and VIII.

    I.    **Consensual Confirmation**

Under 11 U.S.C. § 1129(a), the Court shall confirm a plan only if all the requirements of 11 U.S.C. § 1129(a)(1) – (16) are met.

Here, the Plan does not meet the requirements of 11 U.S.C. § 1129(a)(8) because Classes III, IV, VI, VII, and VIII, all impaired classes, have not accepted the Plan. 11 U.S.C. § 1129(a)(8) requires that each class of claims either (A) accept the plan, or (B) be unimpaired. Acceptance of the plan by a class of claims is defined as "accept[ance] by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors[.]" 11 U.S.C. § 1126(c). Thus, for a class of claims to accept a plan, a simple majority of creditors voting in the class must vote to accept the plan, and creditors with at least 2/3 of the value of the allowed claims in the class must vote to accept the plan. However, "an actual acceptance, i.e., an accepting ballot, is essential" for the Court to deem that an impaired class has accepted the plan. *In re Root*, 2012 LEXIS Bankr. 4950, at *8 (Bankr. D. Idaho 2012).

Here, without returned ballots, this Court cannot determine whether a simple majority of creditors in Classes III, IV, VI, VII, and VIII accepted the Plan. Therefore, confirmation pursuant to 11 U.S.C. § 1129(a) is unavailable.

1

## II. Confirmation under 11 U.S.C. § 1129(b)

Under 11 U.S.C. § 1129(b)(1), the Court may confirm a plan despite the plan's failure to meet 11 U.S.C. § 1129(a)(8) so long as "all of the applicable requirements of [11 U.S.C. § 1129(a)] . . . are met with respect to a plan . . . [and] the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."

11 U.S.C. § 1129(b)(2)(B) explains that for a plan to be "fair and equitable" with respect to a class of unsecured claims "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property[.]" This requirement is what has become known as the "absolute priority rule."

Here, the Court may confirm the Plan under 11 U.S.C. § 1129(b)(1) because the Plan meets all the requirements of 11 U.S.C. § 1129(a) except for paragraph (8) of that subsection, and the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes III, IV, VI, VII, and VIII. At the confirmation hearing, none of the creditors in Classes III, IV, VI, VII, and VIII that did not return ballots either accepting or rejecting the Plan presented any objections or arguments as to why the Plan should not be confirmed under 11 U.S.C. § 1129(b)(1). The U.S. Trustee agreed with the Debtor's assertion that the Plan was confirmable under 11 U.S.C. § 1129(b)(1). Accordingly, absent any objections to confirmation of the Plan, and pursuant to 11 U.S.C. § 1129(b)(1),

IT IS ORDERED that the Plan is confirmed.

Dated October 31, 2025.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana